David W. Martin (SBN 248636)
Law Office of David W. Martin
5350 James Avenue
Oakland, California 94618
Phone: (510) 332-3943
Fax:   (510) 601-6944
davidwmartin@email.com

Patric A. Lester (SBN 220092)
Lester & Associates
5694 Mission Center Road, #358
San Diego, CA 92108
Phone: (619) 665-3888
Fax: (314) 241-5777
pl@lesterlaw.com

ATTORNEYS FOR PLAINTIFF DEVIN COLE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVIN COLE, on behalf of himself and all others similarly situated, | Case No.: |
| Plaintiff(s), | **COMPLAINT FOR DAMAGES** |
| v. | **CLASS ACTION** |
| SIERRA PACIFIC MORTGAGE COMPANY, INC., and DOES 1 through 10, inclusive, | **JURY TRIAL DEMANDED** |
| Defendant(s). | |

## INTRODUCTION

1.  Plaintiff Devin Cole ("Plaintiff") brings this action on behalf of himself and all other persons similarly situated against Defendant Sierra Pacific Mortgage Company, Inc.

2.  Plaintiff, on behalf of himself and others similarly situated, seeks redress under the Telephone Consumer Protection Act, 47 U.S.C. section 227 et seq. ("TCPA") in this action against Sierra Pacific Mortgage, Inc., a California corporation ("Sierra

1

1  Pacific" or "Defendant") and DOE defendants for the illegal practice of making
2  unauthorized phone calls to cellular telephones using an automatic telephone dialing
3  system and/or an artificial or prerecorded voice, or in the alternative, for causing such
4  calls to be made.

5      3.    Plaintiff makes the following allegations on information and belief, with the
6  exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which
7  Plaintiff alleges based upon personal knowledge.

## JURISDICTION

    4.    This Court has jurisdiction under 28 U.S.C. sections 1331 (federal question), 1337, and 47 U.S.C. section 227. Venue in this district is proper because based on information and belief defendant is a Corporation that transacts business in the State of California and is subject to personal jurisdiction in this district.  A substantial portion of the events underlying this Complaint occurred in Contra Costa County.

## INTRA-DISTRICT ASSIGNMENT

    5.    Venue in this judicial district is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in Contra Costa County, California, which is within this judicial district. This case should thus be assigned to Oakland or San Francisco.

## TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA)
## 47 U.S.C. Section 227

    6.    In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

    7.    The TCPA regulates, among other things, the use of automated telephone equipment, or "auto-dialers" or an artificial or a prerecorded voice. Specifically, the plain language of section 227(b) (1) (A) (iii) prohibits the use of auto-dialers or an artificial or prerecorded voice to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

    8.    According to findings by the Federal Communications Commission

("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

## PARTIES

9. Plaintiff is an individual and a resident of Solano County, California, and operates a business in Contra Costa County, California.

10. Defendant Sierra Pacific Mortgage Company, Inc. ("Sierra Pacific") is a California Domestic Stock Corporation that does business in California and is registered with the California Secretary of State.

11. Defendant, as used herein, includes Sierra Pacific's subsidiaries and agents, are collectively referred to as "Defendant" herein. The true names and capacities of parties sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the DOE Defendants if and when such identities become known.

12. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of one or more of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of one or more of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

13. To the extent that one or more Defendant was not the agent of another, that Defendant acted with reckless disregard as to the violations described herein and was complicit with one or more of the other Defendants in violating the law and

undermining the protections of the relevant statutory framework.

14. In the ordinary course its business, Defendant regularly, on behalf of itself or others, engaged and continues to engage in mortgage lending sale, brokerage, solicitation, lead generation, lead purchase, and related activities for profit.

## FACTUAL ALLEGATIONS

15. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

16. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. section 153(39).

17. Defendant provides lending and mortgage brokerage services to individuals and companies.

18. Defendant, or its agent(s), uses an automated telephone dialing system to solicit its product to consumers.

19. Defendant, or its agent(s), uses an automated telephone dialing system to call potential customers from a call center and, once a potential customer expresses interest in a mortgage product, calls from the call center are transferred to a loan agent employed by Defendant.

20. Calls are made to the cellular or mobile telephones of potential customers without the potential customer's consent.

21. Beginning within four (4) years prior to the filing of this law suit, and on multiple occasions since that time, including but not limited to February, 2018, Defendant, on multiple occasions, called Plaintiff's cell phone number (xxx) xxx- 0016 ("cell phone number").

22. Plaintiff was a regular user of the cell phone number and paid the bill thereby incurring a charge.

23. Plaintiff answered more than one of Defendant's calls. When he did answer, he heard clicking and there was a delay prior to him hearing a voice on the caller's end of the line.

24. Plaintiff requested the calling party not to continue to call him, but the calls persisted.

25. On each call that was answered, after being connected to Plaintiff through the automatic telephone dialing system, Defendant inquired as to whether Plaintiff was interested in a mortgage product.

26. On at least one occasion, Plaintiff inquired as to the name of the mortgage company and the caller responded "Sierra Pacific Mortgage in Sacramento, California."

27. The complained-of telephone calls constituted calls that were not made for emergency purposes as defined by 47 U.S.C. section 227 (b) (1) (A) (i).

28. All telephone contact by Defendant to the cell phone of Plaintiff and the other members of the class (defined below) constituted calls made by equipment that utilized and were placed by an "automatic telephone dialing system" within the meaning of 47 U.S.C. section 227(b)(1)(A).

29. Plaintiff did not provide "express consent" allowing Defendant to place telephone calls to Plaintiff's cell phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" within the meaning of 47 U.S.C. section 227(b)(1)(A).

30. Under the TCPA and pursuant to the Federal Communication Commission (FCC) January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute, because it is the best entity to determine how the numbers were attained.

31. Defendant therefore violated the TCPA, 47 U.S.C. section 227(b)(1)(A)(iii) which makes it "unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States ... (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice...(iii) to any telephone number assigned to a paging service, [or] cellular telephone service..."

32. Because of Defendant's illegal conduct, the members of the Class are each entitled to, inter alia, a minimum of $500.00 in damages for each such violation of the TCPA under section 227(b)(3)(B).

33. Because of Defendant's illegal conduct was willful and knowing, the Court should treble the amount of statutory damages recoverable by the Plaintiff and the Class under section 227(b)(3)(B) of the TCPA.

34. Plaintiff and the class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

35. Defendant profited from violations of the TCPA at the expense of Plaintiff and other consumers and their privacy.

## CLASS ALLEGATIONS

36. Plaintiff brings this action as a class action on behalf of himself and others similarly situated ("Class" or "Class Members"). Plaintiff proposes the following initial TCPA class definition, subject to amendment as appropriate:

(1) All persons residing in the United States (2) to whose cellular telephone number (3) Sierra Pacific Mortgage Company, Inc. placed a non-emergency telephone call (4) between March 20th 2014 and March 19, 2018, (5) using an automatic telephone dialing system or an artificial or prerecorded voice (6) that that advertised or solicited the services or products of Sierra Pacific Mortgage Company, Inc. (7) that were not consented to by the called party.

37. The Class (and any potential subclasses) are easily identified through records maintained by Defendant and third parties.

38. For the Class (and any subclass), there are questions of law and fact common to the members, which predominate over any questions that affect only individual class members. These common questions include:
   a. Whether Sierra Pacific used an automatic telephone dialing system or an artificial or prerecorded voice;
   b. Whether Sierra Pacific had prior express consent of the called parties;

   c. Whether Sierra Pacific's conduct was knowing and/or willful; and

   d. Whether Plaintiffs are entitled to injunctive relief.

39. This action is brought and may properly be maintained as a class action pursuant to Federal Rules of Civil Procedure, Rule 23 ("Rule 23").

40. Plaintiff will fairly and adequately represent the interest of the class and each subclass, as he is willing to devote the time necessary to serve as class representatives, and he has retained counsel experienced in handling class actions seeking relief under the TCPA and other laws.

41. A class action is superior to other alternative methods of adjudicating this dispute. Class-wide relief is essential to compel Defendant to comply with the TCPA. The interest of Class and sub-class members in individually controlling the prosecution of separate claims against Defendant is minimal because the statutory damages in an individual action for violation of the TCPA are relatively small. Plaintiff believes that Class Members, to the extent they are aware of their rights against Defendant, would be unable to secure counsel to litigate their claims on an individual basis because of the low amount of the individual damages warranted and/or the value of individual injunctive relief relative to the high costs of litigation (discovery costs, necessity of expert consultants, unavailability of recovery of attorney fees, and other such considerations).

42. Further, maintenance of a class action for TCPA claims is likely to present significantly fewer difficulties than are presented in other types of class action litigation because the calls at issue are all automated and the Class (and any subclass) are easily identified through call records.

43. Additionally, prosecution of the claims of Plaintiff's claims separately from the putative Class claims would create a risk of inconsistent or varying adjudications within the meaning of Rule 23 (b)(1)(A). Furthermore, the questions of law or fact that are common to all putative class members predominate over any individual questions of law or fact making class representation the superior method to adjudicate this controversy within the meaning of Rule 23 (b)(3).

44. Hence, a class action is the only feasible means of recovery for the Class Members.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class members and against Defendant for:

A. Certification of the Class and Subclass defined above,

B. $500.00 in statutory damages for each call that Defendant placed in violation of 47 U.S.C. §227(b)(1)

C. $1,500.00 in statutory damages for each call that Defendant willfully or knowingly placed in violation of 47 U.S.C. §227(b)(1); and

D. Injunctive relief prohibiting Defendant from placing such calls in violation of the TCPA in the future.

E. For such other and further relief as the Court may deem just & proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted this March 19, 2018 by:

                              Law Office of DAVID W. MARTIN

                              By:   /s/ David W. Martin
                                      DAVID W. MARTIN
                                      davidwmartin@email.com
                            and

                            Lester & Associates

                            By:   /s/ Patric A. Lester
                                      PATRIC A. LESTER
                                      pl@lesterlaw.com

                            Attorneys for Plaintiff Devin Cole