David W. Martin (SBN 248636)
davidwmartin@email.com
Law Office of David W. Martin
5350 James Avenue
Oakland, California 94618
Telephone:  (510) 332-3943
Facsimile:   (510) 601-6944

Patric A. Lester (SBN 220092)
pl@lesterlaw.com
Lester & Associates
5694 Mission Center Road, #358
San Diego, CA 92108
Phone: (619) 665-3888
Fax: (314) 241-5777

Attorneys for Plaintiff, Devin Cole

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVIN COLE, on behalf of himself and all others similarly situated,<br><br>                Plaintiff(s),<br><br>And<br><br>SIERRA PACIFIC MORTGAGE COMPANY, INC., and DOES 1 through 10, inclusive,<br><br>                Defendant(s). | Case No.: 3:18-CV-01692-JCS<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION TO STRIKE AFFIRMATIVE DEFENSES AND POINTS & AUTHORITIES IN SUPPORT OF MOTION TO STRIKE**<br><br>THE HONORABLE JOSEPH C. SPERO<br>COMPLAINT FILED: MARCH 19, 2018<br>HEARING DATE: DECEMBER 7, 2018; 9:30 A.M.<br>TRIAL DATE: NONE SET |

TO: ALL DEFENDANTS AND THEIR COUNSEL OF RECORD

      PLEASE TAKE NOTICE that on Friday, December 7, 2018, at 9:30 a.m., or as soon thereafter as this matter may be heard, in Courtroom G, of the United States District Court, located at 15$^h$ Floor, 450 Golden Gate Avenue, San Francisco, California, before the Honorable Joseph C. Spero, United States Magistrate Judge, Plaintiff Devin Cole ("Plaintiff"), will move the Court for an Order striking Defendant Sierra Pacific Mortgage Company, Inc.'s ("Defendant") affirmative defenses.

      This motion is made pursuant to Fed.R.Civ.P. 12(f). This motion is based on this

Notice of Motion and Motion, and Points and Authorities in Support of Motion to Strike Affirmative Defenses, and such other evidence, argument, and authorities which may be presented at or prior to the hearing.

## POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

### I. INTRODUCTION

In responding to Plaintiff's Complaint (Doc. No. 1) ("Complaint"), Defendant Sierra Pacific Mortgage Company, Inc. filed their Answer (Doc. No. 23) ("Answer"), containing eighteen[1] "Affirmative Defenses" identified on pages 7 through 10.

Pursuant to Fed. R. Civ. P. 12(f), Plaintiff moves to strike twelve of those affirmative defenses because Defendant has attempted to allege defenses which are not actually defenses, has raised immaterial defenses, and has failed to plead with sufficient particularity to provide the plaintiff with fair notice. Moreover, the pleading fails to raise the alleged defenses beyond the speculative level.

### II. FACTUAL BACKGROUND

On March 21, 2018, Plaintiff filed his Complaint against Defendant and Defendant in turn, filed their Answer. The Complaint alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.*, ("TCPA") by Defendant.

On October 9, 2018, Defendant filed its Answer. In it they set forth several conclusory statements - with insufficient, or no, factual support - purporting to raise various alleged affirmative defenses.

### III. STANDARD OF REVIEW

Under Rule 8(b)(1)(A), "In responding to a pleading, a party must state in short and plain terms its defenses to each claim asserted against it." Fed.R.Civ.P. 8. Affirmative defenses "plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *Fed. Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987) (citing *Gomez v.*

---

[1] Defendant omitted a tenth affirmative defense.

*Toledo*, 446 U.S. 635, 640–41 (1980)).

> Under Rule 12(f), A court may strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Immaterial matter "is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds by, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) (internal citations and quotation marks omitted). Impertinent material "consists of statements that do not pertain, and are not necessary, to the issues in question." *Id*.

*Miller v. Uni-Pixel Inc.*, No. 17-CV-02187 NC, 2017 WL 3007082, at *7 (N.D. Cal. July 14, 2017).

A defense is insufficiently pled if it fails to give the Plaintiff notice of the nature of the defense. See *Wyshak v. City NationalBank,* 607 F.2d 824, 829 (9th Cir. 1979). A matter is impertinent if it does not pertain and is not necessary to the issues in question in the case. *See Fantasy, Inc. 984 F2d. 1527* "[A] motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law." *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1479, n. 34 (C.D. Cal. 1996).

The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. *Fantasy, Inc. v. Forgerty,* at 1527 (9th Cir. 1993), rev'd on other grounds by *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, (1994)). *Dion v. Fulton Friedman & Gullace LLP*, WL 160221, at *6 (N.D. Cal. Jan. 17, 2012). The court must view the pleading in the light most favorable to the pleading when ruling upon a motion to strike. *Colaprico v. Sun Microsytsems, Inc.,* 758 F.Supp. 1335, 1339 (N.D. Cal. 1991) (citing *RDF Media Ltd. v. Fox Broad Co.*, 372 F.Supp. 2d 556, 561 (C.D. Cal. 2005)). If a claim is stricken, leave to amend should be freely given when doing so would not cause prejudice to the opposing party. *Vogel v. Huntington Oaks Delaware Partners*, LLD, 291 F.R.D. 438, 440 (C.D. Cal. 2013) (citing *Wyshak v. City National Bank,* 607 F.2d 824, 826 (9th. Cir. 1979)).

### A. The 'Heightened Pleading Standard' of Twombly And Iqbal Applies to Affirmative Defenses

> "Within the Northern District of California, it appears that the judges who have decided the issue thus far have uniformly found that the *Twombly* and *Iqbal* standard does apply to affirmative defenses." *Powertech Tech., Inc. v.*

*Tessera, Inc.*, No. 10-cv-945 CW, 2012 WL 1746848, at *4 (N.D. Cal. May 16, 2012) (collecting cases).

*ABC Distrib., Inc. v. Living Essentials LLC*, No. 15-CV-02064 NC, 2016 WL 8114206, at *1 (N.D. Cal. Apr. 26, 2016) (Cousins)

To survive a Rule 12(f) motion then, an affirmative defense cannot simply be conclusory and devoid of facts; rather, it must set forth a specific factual basis and cannot merely suggest that the defense may possibly bear upon the case in the abstract. *Barnes* 718 F.Supp.2d at 1172; *See also, Tracy v NVR, Inc.*, 2009 U.S. Dist. LEXIS 90778 (W.D. N.Y. Sept. 30, 2009) ("Indeed, the *Twombly* plausibility standard applies with equal force to a motion to strike an affirmative defense under Rule 12(f)."). Here, Defendant's affirmative defenses fall well below this bar they are bare, unsupported, and fail to provide Plaintiff with the requisite "fair notice."

Therefore, this Court should apply the *Twombly* and *Iqbal* "heightened pleading" standard to Defendant's affirmative defenses.

Rule 12(f) motions are appropriately granted where a party asserts "a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE §1380, 655 (2d ed. 1990)). The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff "fair notice" of the defense. *Wyshak,* 607 F.2d at 827 (citing *Conley v. Gibson*, 35 U.S. 41, 47 (1957) *and* 5A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE §1274 (3d ed. 2004)). "At a minimum, the facts asserted in an affirmative defense, and the reasonable inferences that may be drawn from those facts, must plausibly suggest a cognizable defense." *Racick v. Dominion Law Assocs.*, 270 F.R.D. 228, 234 (E.D. N.C. 2010), *quoting Topline Solutions, Inc. v. Sandler Sys., Inc.*, 2010 U.S. Dist. LEXIS 76174 (D. Md. July 27, 2010).

## IV.   ARGUMENT

### *FIRST AFFIRMATIVE DEFENSE (Failure to State a Claim)*

Defendant asserts: "The Complaint, and each claim and cause of action set forth therein, fails to state a claim upon which relief can be granted." (*Answer*, [Doc. No. 23], 7:17-20)

The defense of failure to state a claim asserts a defect in plaintiffs' claim; it is not an additional set of facts that bares recovery notwithstanding the plaintiffs' valid prima facie case. *Barnes v. AT&T Benefit Plan*, 718 F. Supp.2d 1167, 1174 (ND Cal. 2010) citing *Boldstar Tech., LLC v Home Depot, Inc* 517 F. Supp.2 1283, 1291 (S.D. Fla 2007). Thus, this defense is not properly asserted as an affirmative defense. Moreover, 'failure to state a claim under Rule 12(b)(6) is more properly brought as a motion and not an affirmative defense. *Id*. Therefore, this affirmative defense should be stricken.

### FOURTH AFFIRMATAIVE DEFENSE (Waiver and Acquiescence)

Defendant asserts: "Cole's claim is barred, in whole or in part, by the doctrines of waiver and/or acquiescence." (*Answer*, [Doc. No. 23], 8: 2-4.)

The defense of "waiver always rests upon intent. Waiver is the intentional relinquishment of a known right after knowledge of the facts.' The burden, moreover, is on the party claiming a waiver of a right to prove it by clear and convincing evidence that does not leave the matter to speculation, and 'doubtful cases will be decided against a waiver'." *City of Ukiah v. Fones* 64 Cal.2d 104,107–108 (1966); *Florence Western Medical Clinic v. Bonta* 77 Cal.App.4th 493,504 (2000)). Here, Defendant has alleged no facts to support a claim that Plaintiff intended to waive their rights. Therefore, this affirmative defense should be stricken.

### FIFTH AFFIRMATIVE DEFENSE (Unclean Hands)

Defendant asserts: "Cole's claim is barred, in whole are in part, by the doctrine of unclean hands." (*Answer*, [Doc. No. 23], 8: 5-7.)

Defendants' four alternative affirmative defenses in one paragraph, the defense of the doctrines of unclean hands, laches, waiver and/or estoppel without identifying a specific defense does not provide "fair notice" of which defense the defendant asserts. See *Dion v Fulton Friedman & Gullace LLP*, WL 1602211, at *3 (N.D. Cal.2012) (finding that

the same language did not provide "fair notice" but left it to the Plaintiff and court "to guess"). "[B]road affirmative defenses such as waiver, estoppel, or unclean hands may be stricken where these defenses are alleged in conclusory fashion without any factual basis, thereby depriving plaintiff a fair notice of the grounds upon which the defense rests." See *Glover v. Mary Jane M. Elliott, P.C.*, 2007 U.S. Dist. LEXIS 73605, *4-5 (W.D. Mich. Oct. 2, 2007) (citing *Qarbon.com, Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049-50 (N.D. Cal. 2004)).

Plaintiff does not seek equitable relief in the form of an injunction. The unclean hands defense will, in certain circumstances, provide a defense to claims for injunction or other equitable relief. See, e.g., *Performance Unlimited, Inc. v. Questar Pub., Inc.*, 52 F.3d 1373, 1383 (6th Cir. 1995)), Defendant has failed to allege any facts to support the asserted defense of unclean hands, and therefore, the defense should be stricken.

### SIXTH AFFIRMATIVE DEFENSE (Laches)

Defendant asserts: "Cole's claim is barred, in whole or in part, by the doctrine of laches." (*Answer*, [Doc. No. 23], 8: 8-10.)

A defendant asserting the defense of laches on the plaintiff's part must show that plaintiff has acquiesced in defendant's wrongful acts and has unduly delayed seeking equitable relief to defendant's prejudice, but mere lapse of time other than that prescribed by statutes of limitations does not bar relief. *Gerhard v. Stephens,* 69 Cal.Rptr. 612, 442 P.2d 692, 68 Cal.2d 864 (1968). Plaintiff is not seeking equitable relief, and Defendant has and cannot allege any facts to support the claimed defense of latches. Therefore, this affirmative defense should be stricken.

### SEVENTH AFFIRMATIVE DEFENSE (Estoppel)

Defendant asserts: "Cole's claim is barred, in whole are in part, by the doctrine of estoppel. (*Answer*, [Doc. No. 23], 8:13.)

Defendant's asserted affirmative defense of estoppel is unsupported by any facts and should therefore be stricken. See *Glover v. Mary Jane M. Elliott, P.C.*, 2007 U.S. Dist. LEXIS 73605, *8-9 (W.D. Mich. Oct. 2, 2007) ("no factual basis is alleged for this

affirmative defense and, given the nature of plaintiffs' claims, it is hard to imagine such a basis. This defense will again be stricken…").

Therefore, this affirmative defense should be stricken, because Defendants have not alleged any set of facts to support such defenses.

### EIGHTH AFFIRMATIVE DEFENSE (Ratification)

Defendant asserts: "Cole's claim is barred, in whole or in part, by the doctrine of ratification." (*Answer*, [Doc. No. 23], 8:14-16.)

As no facts are asserted in support of an affirmative defense, the defendant failed to meet its burden under both the *Twombly* or *Iqbal* standard. Defendant gives no factual support for its affirmative defense. "Where an affirmative defense simply states a legal conclusion or theory without the support of facts explaining how it connects to the instant case, it is insufficient and will not withstand a motion to strike." (Internal citations omitted) *Taylor v. Stave, Inc.,* No. CV 15-4190 FMO (ASX), 2016 WL6674987, at *1 (C.D. Cal. Jan. 4, 2016). Additionally, a mere reference to a doctrine, is insufficient notice nor does this affirmative defense set forth the elements of the defense. See *Qarbon.com Inc v eHelp Corp.*, 315 F.Supp. 2d 1046, 1049–50 (N.D. Cal. 2004).

This affirmative defense should be stricken as having no factual basis nor discussing the elements of the doctrine and how it was violated. Therefore, this affirmative defense should be stricken.

### NINTH AFFIRMATIVE DEFENSE (Failure to Mitigate)

Defendant asserts: "To the extent that Cole has suffered any damages as a result of the matters alleged in the Complaint, Cole has failed to mitigate those damages and her (sic) claims are therefore barred, in whole or in part. (*Answer*, [Doc. No. 23], 8:17-21.)

Mitigation of damages is not a defense under the TCPA. *See Springer v. Fair Isaac Corp.*, 2015 WL 7188234, at *5 (E.D. Cal. Nov. 16, 2015)(defense of failure to mitigate damages under the TCPA did not apply when consumer only sought to recover statutory damages);*Powell v. W. Asset Mgmt., Inc.*, 773 F. Supp. 2d 761, 764 (N.D. Ill. 2011)("courts that have considered whether a plaintiff has a duty to mitigate damages

under Section 227 of the TCPA have found there is no such duty."); *Lardner v. Diversified Consultants Inc.*, 17 F. Supp. 3d 1215, 1220 (S.D. Fla. 2014)("Plaintiff also argues that failure to mitigate is not a viable defense against TCPA liability. Defendant does not defend this claim and it is clear from the case law cited by Plaintiff that Defendant is precluded from asserting this defense"). Therefore, this affirmative defense should be stricken.

### ELEVENTH AFFIRMATIVE DEFENSE (Statutes of Limitations)

Defendant asserts: "Cole's claim is barred, in whole or in part, by the applicable statutes of limitation, including but not limited to 18 U.S.C. § 1658." (*Answer*, [Doc. No. 23], 8:24-25.)

This language contains nothing more than "labels and conclusions." *Dion v Fulton Friedman & Gullace LLP, WL 1602211, at \*3 (N.D. Cal.2012).* (Defendants do not allege any facts that identify the specific statute and relevant time of the applicable statute of limitations to show that it is "plausible" rather than merely "possible" as required by *Twombly* and *Iqbal* that Plaintiffs' causes of action are barred.) See also *Barnes v. AT&T Pension Benefit Plan*, 718 F.Supp.2d 1167 (N.D. Cal. 2010) (striking the statutes of limitation defense and other defenses on grounds there were no identified facts that would make the affirmative defense "plausible on its face.") Therefore, this affirmative defense should be stricken.

### TWELFTH AFFIRMATIVE DEFENSE (Independent Intervening Third-Party Conduct)

Defendant asserts: "Cole is barred from recovery in that any damage sustained by Cole was the direct and proximate result of the independent, intervening, negligent and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of SPMC." (*Answer*, [Doc. No. 23], 8:26-9:2.)

This affirmative defense recites the standard for comparative fault, which is an affirmative defense in tort actions. *Restatement (Third) of Torts: Apportionment of Liability § 7* ("Plaintiff's negligence … that is a legal cause of an indivisible injury to the

plaintiff reduces the plaintiff's recovering in proportion to the share of responsibility the factfinder assigns to the plaintiff. …"). Plaintiffs did not allege a negligence claim; thus, the comparative fault affirmative defense is inapplicable. Additionally, this defense fails under the notice required by *Twombly* and *Iqbal* on grounds that it does not show that it is "plausible" rather than merely "possible" that Plaintiffs' damages were "the independent, intervening, negligent and/or unlawful conduct of independent third parties or their agents". Therefore, this affirmative defense should be stricken.

### FIFTEENTH AFFIRMATIVE DEFENSE (Excessive Fines)

Defendant asserts: "The damages sought by the Complaint are barred in whole or in part by the Excessive Fines Clause of the United States Constitution." (*Answer*, [Doc. No. 23], 9:12-15.)

This defense is inapplicable. The government is not a party to the action therefore the excessive fines clause of the eighth amendment doesn't apply. See *Vazquez v. Triad Media Sols., Inc.*, No. 15CV07220WHWCLW, 2016 WL 155044, at *5 (D.N.J. Jan. 13, 2016). This affirmative defense should be stricken.

### EIGHTEENTH AFFIRMATIVE DEFENSE (Bona Fide Error)

Defendant asserts: "Cole's claim is barred, in whole or in part, because any alleged violations were not intentional and resulted from a bona fide error notwithstanding SPMC's maintaining procedures reasonably adapted to avoid any such error." (*Answer*, [Doc. No. 23], 9:25-10-1.)

This defense,

> [c]onstitute allegations of mistake, which must be stated "with particularity" under Federal Rule of Civil Procedure 9(b)... As Defendants have failed to allege the "the who, what, when, where, and how" of their mistake, *Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir.2003). Plaintiff's motion to strike is GRANTED…(Internal citations omitted.)

*Savage v. Citibank N.A.*, No. 14-CV-03633-BLF, 2015 WL 4880858, at *2 (N.D. Cal. Aug. 14, 2015)

Defendants again fail to identify any facts that show what actions were "not intentional." Nor have Defendants identified facts that allege what, if any, specific procedures they maintained and reasonably employed to prevent the alleged violations of Plaintiffs' causes of action. Without such facts, Defendants have failed to show that it is "plausible" rather than merely "possible" as required by *Twombly* and *Iqbal*, that their actions were "unintentional" and the result of *bona fide* error. Defendant has neither properly plead a *bona fide error* defense or specified any factual basis in support of this affirmative defense. This defense should be stricken.

### NINETEENTH AFFIRMATIVE DEFENSE (Reservation of Rights)

Defendant asserts: "SPMC expressly reserves the right to assert such other and affirmative defense as may be appropriate." (*Answer*, [Doc. No. 23], 10:2-5.)

The mere "reservation of affirmative defenses" is not an affirmative defense. *E.E.O.C. v. Timeless Investments, Inc.*, 734 F.Supp.2d 1035, 1055 (E.D. Cal. 2010). This defense "serves no purpose" because Defendants' right to amend pleadings to include additional legitimate defenses is already preserved by Rule 15 of the Federal Rules of Civil Procedure. *Vogel v. OM ABS, Inc.,* CV 13-10797 (CD Cal. 2014); See also, *Solis v Zenith Capital, LLC,* WL 74444912 at *4 (N.D. Cal. May 8, 2009) (finding the affirmative defense of reservation of rights "insufficient as a matter of law.").Therefore, this affirmative defense should be stricken.

### V.     CONCLUSION

The *Twombly/Iqbal* pleading standard requires a plaintiff to plead something more than mere "labels and conclusions." A defendant should be held to the same standard and should not be able to assert a laundry list of defenses hoping to find, later, some fact that supports the defense.

In this instance, Defendant has not set forth sufficient facts in support of any of the above affirmative defenses rendering determination of plausibility impossible.

Plaintiffs request that each of the above thirteen affirmative defenses be stricken on grounds that each is either (1) not actually an affirmative defense and/or (2) insufficient as

a matter of law and/or (3) fails to meet the plausibility standard under *Twombly* and *Iqbal*.

Therefore, Plaintiff requests that each of these defenses be stricken and that Defendant be granted, if the Court finds appropriate, leave to amend the Answer to assert adequate defenses under the *Twombly/Iqbal* standard.

Dated: October 30, 2018                            Respectfully Submitted,

                                                         LAW OFFICE OF DAVID W. MARTIN
                                                         David W. Martin

                                                         LESTER & ASSOCIATES
                                                         Patric A. Lester

                                                         By:    s/ Patric A. Lester
                                                         Attorneys for Plaintiff, Devin Cole

11

**NOTICE OF MOTION AND MOTION, AND POINTS & AUTHORITIES IN SUPPORT OF MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**

3-18-CV-01692-JCS