UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVIN COLE,<br><br>    Plaintiff,<br><br>v.<br><br>SIERRA PACIFIC MORTGAGE COMPANY, INC.,<br><br>    Defendant. | Case No. 18-cv-01692-JCS<br><br>**ORDER REGARDING CROSS MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 96, 98 |

## I.     INTRODUCTION

Plaintiff Devin Cole brings this putative class action asserting that Defendant Sierra Pacific Mortgage Company violated the Telephone Consumer Protection Act ("TCPA") by calling Cole's cell phone without permission, using an "automated telephone dialing system" ("ATDS") as that term is defined in the TCPA. The parties filed cross-motions[1] for summary judgment addressing the issue of whether the system used by a purported agent of Sierra Pacific to call Cole was in fact an ATDS. After briefing concluded, the Court found the matter suitable for resolution without oral argument and vacated the hearing previously set for December 17, 2021.

For the reasons discussed below, Sierra Pacific's motion is GRANTED. Since Cole's claim relies on Sierra Pacific's use of an ATDS, and the Court concludes that the dialing system Cole asserts Sierra Pacific used was not an ATDS within the meaning of the TCPA, the claim

---

[1] Before Sierra Pacific filed its motion, the Court issued notice under Rule 56(f) of the Federal Rules of Civil Procedure that the Court would consider granting summary judgment for either party on this issue, without need for Cole to file a separate motion for summary judgment. Although the parties followed the briefing schedule for a single motion, Cole styled his response to Sierra Pacific's motion as an opposition and cross-motion. The Court therefore treats the matter as presented on cross-motions for summary judgment or adjudication.

fails. The Clerk shall enter judgment in favor of Sierra Pacific and close the case.[2]

## II. BACKGROUND

Cole alleges that he received multiple calls on his cell phone from Sierra Pacific's agents without his permission. Compl. (dkt. 1) ¶ 21. The calls concerned a mortgage product. *Id.* ¶ 25. During at least one of those calls, Cole asked the caller for the name of the mortgage company that was seeking his business, and the caller identified it as Sierra Pacific. *Id.* ¶ 26. Cole asserts that the caller used an ATDS, supporting that assertion with an allegation that each call was preceded by clicking sounds and a delay before he heard a voice from the caller's end of the line. *Id.* ¶¶ 23, 28. Since Cole did not provide express consent and the calls were not for emergency purposes, he asserts that the calls violated 47 U.S.C. § 227(b)(1)(A). *Id.* ¶¶ 29, 31. Cole's complaint includes references to that statute's restrictions on use of artificial or prerecorded voices, but he does not allege that Sierra Pacific used such recordings—his claim turns on Sierra Pacific's alleged use of an ATDS.

The Court granted Sierra Pacific permission to file an early motion for summary judgment addressing the question of whether the dialing system at issue was an ATDS, and indicated that the Court would also consider granting summary adjudication in Cole's favor on that issue if the record supported that outcome. In its present motion, Sierra Pacific argues that Cole has not identified admissible evidence as to what dialing system was used to call him, but even if the Court accepts what Sierra Pacific characterizes as hearsay that the calls at issue used the "VICIdial" platform, that system is not an ATDS within the meaning of the statute because it requires a preproduced list of telephone numbers and is not capable of generating telephone numbers itself using a random or sequential number generator. Def.'s Mot. (dkt. 96) at 1. Cole and his expert witness Randall Snyder concede that VICIdial "does not create telephone numbers from scratch," but argue that its capacity to set a random or sequential *order* for dialing the telephone numbers on an input list meets the statutory definition. Pl.'s Opp'n & Cross-Mot. (dkt. 98) at 3; Martin Decl. (dkt. 98-2) Ex. G (Snyder Supp'l Decl.) ¶ 10. According to Cole, the

---

[2] The parties have consented to the jurisdiction of a magistrate judge for all purposes under 28 U.S.C. § 636(c).

2

Supreme Court's recent decision in *Facebook v. Duguid*, 141 S. Ct. 1163 (2021), did not foreclose an interpretation of the TCPA that would encompass use of random number generators to set dialing order, and instead contemplated such a reading in Footnote 7 of the Court's opinion. Pl.'s Opp'n & Cross-Mot. at 4–6. Sierra Pacific argues that such an interpretation runs counter to the Supreme Court's reasoning and asks this Court to follow recent decisions from this district and others limiting the ATDS restriction to systems that generate telephone numbers using random or sequential number generators. *See generally* Def.'s Reply (dkt. 99).

## III. ANALYSIS

### A. Legal Standard

Summary judgment on a claim or defense is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In order to prevail, a party moving for summary judgment must show the absence of a genuine issue of material fact with respect to an essential element of the non-moving party's claim, or to a defense on which the non-moving party will bear the burden of persuasion at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the movant has made this showing, the burden then shifts to the party opposing summary judgment to designate "'specific facts showing there is a genuine issue for trial.'" *Id.* (citation omitted); *see also* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). "[T]he inquiry involved in a ruling on a motion for summary judgment . . . implicates the substantive evidentiary standard of proof that would apply at the trial on the merits." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 252 (1986). The non-moving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). Thus, it is not the task of the court "'to scour the record in search of a genuine issue of triable fact.'" *Id.* (citation omitted); *see Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); Fed. R. Civ. P. 56(c)(3).

A party need not present evidence to support or oppose a motion for summary judgment in a *form* that would be admissible at trial, but the *contents* of the parties' evidence must be amenable

3

to presentation in an admissible form. *See Fraser v. Goodale*, 342 F.3d 1032, 1036–37 (9th Cir. 2003). Neither conclusory, speculative testimony in affidavits nor arguments in moving papers are sufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). On summary judgment, the court draws all reasonable factual inferences in favor of the non-movant, *Scott v. Harris*, 550 U.S. 372, 378 (2007), but where a rational trier of fact could not find for the non-moving party based on the record as a whole, there is no "genuine issue for trial" and summary judgment is appropriate. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

Faced with cross-motions for summary judgment, the Court must construe the facts in the light most favorable to Cole for the purpose of Sierra Pacific's motion, and in the light most favorable to Sierra Pacific for the purpose of Cole's motion. Ultimately, however, the undisputed fact that VICIdial does not generate telephone numbers is sufficient to resolve this case in Sierra Pacific's favor, as discussed below.

### B. Sierra Pacific Is Entitled to Summary Judgment

Cole's claim rests on a provision of the TCPA that prohibits using an ATDS to call a cell phone except for emergency purposes or with the recipient's express permission. 47 U.S.C. § 227(b)(1)(A)(iii). The statute defines an ATDS as follows:

> The term "automatic telephone dialing system" means equipment which has the capacity--
>
> (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
>
> (B) to dial such numbers.

*Id.* § 227(a)(1).

In *Duguid*, the Supreme Court recently rejected the Ninth Circuit's view that the clause "using a random number or sequential generator" applied only to the capacity to *produce* telephone numbers, thus encompassing within the definition of an ATDS any device with the capacity to *store* and dial telephone numbers, even without a random or sequential number generator. 141 S. Ct. at 1168–69. In holding instead that an ATDS must have the capacity to use a random or sequential number generator for either the storage or generation of telephone

4

numbers, the Supreme Court relied not only on the plain language of the statute and canons of statutory interpretation, but also on the statute's purpose to address the risk of autodialers "threaten[ing] public safety by seizing the telephone lines of public emergency services, dangerously preventing those lines from being utilized to receive calls from those needing emergency services," and "simultaneously [tying] up all the lines of any business with sequentially numbered phone lines." *Id.* at 1167 (cleaned up); *see also id.* at 1172.

The parties here dispute whether the random or sequential numbers generated by an ATDS must be *telephone* numbers, or whether the generation of random or sequential numbers for any purpose—here, determining the order in which telephone numbers would be stored or called—can suffice. *Duguid* did not squarely address that issue. Cole makes much of Footnote 7 of the Supreme Court's opinion. There, addressing an argument that applying the number-generator clause to storing (as opposed to only generating) telephone numbers would render the storing prong of the statute superfluous, the Court speculated that "an autodialer might use a random number generator to determine the order in which to pick phone numbers from a preproduced list." *Id.* at 1172 n.7. The Court also noted that, "[i]n any event, even if the storing and producing functions often merge, Congress may have 'employed a belt and suspenders approach' in writing the statute." *Id.* (quoting *Atl. Richfield Co. v. Christian*, 140 S. Ct. 1335, 1350 n.5 (2020)).

Despite that footnote, most courts to consider the position Cole advances have rejected an interpretation of the TCPA and *Duguid* that would encompass the use of random number generators to determine the dialing order of telephone numbers that were not themselves produced randomly or sequentially. *E.g.*, *Brickman v. Facebook, Inc.*, No. 16-cv-00751-WHO, 2021 WL 4198512 (N.D. Cal. Sept. 15, 2021), *appeal docketed*, No. 21-16785 (9th Cir. Oct. 26, 2021); *Tehrani v. Joie de Vivre Hosp., LLC*, No. 19-cv-08168-EMC, 2021 WL 3886043, at *6–7 (N.D. Cal. Aug. 31, 2021) (collecting cases); *Hufnus v. Donotpay, Inc.*, No. 20-cv-08701-VC, 2021 WL 2585488 (N.D. Cal. June 24, 2021). This Court recently joined that growing consensus. *Pascal v. Concentra, Inc.*, No. 19-cv-02559-JCS, 2021 WL 5906055, at *8–10 (N.D. Cal. Dec. 14, 2021).

For the reasons discussed in greater detail in *Pascal*, the use of random or sequential number generators to select an order for storing or dialing telephone numbers entered by other

means on a list does not satisfy the TCPA's definition of an ATDS. Footnote 7 of *Duguid* does not alter that conclusion. Looking to the source material cited in that note, the "preproduced list" of numbers at issue was itself randomly or sequentially generated. *See Pascal*, 2021 WL 5906055, at *9. While the footnote could perhaps be read more broadly, it is dicta addressing an issue that was not before the Court. It is true that dicta of the Supreme Court is generally entitled to great weight. *See MacDonald v. Brian Gubernick PLLC*, No. CV-20-00138-PHX-SMB, 2021 U.S. Dist. LEXIS 216788, at *4 (D. Ariz. Nov. 8, 2021) (citing *Couer D'Alene Tribe of Idaho v. Hammond*, 384 F.3d 674, 683 (9th Cir. 2004), and relying on that principle and *Duguid*'s Footnote 7 to deny a motion to dismiss a TCPA claim under at least somewhat analogous circumstances).[3] Here, however, the intent of Footnote 7 as applied to the facts of this case is far from clear, and adopting Cole's reading of it would undermine the broader reasoning of the opinion in which that footnote appears.

As the Supreme Court noted in *Duguid*, the autodialer provision of the TCPA was intended to address specific harms caused by systems that dialed randomly or sequentially generated numbers. 141 S. Ct. at 1167, 1172. Systems that use random or sequential numbers merely to select the dialing order of telephone numbers obtained by other means do not implicate those concerns. Nor does the text of the statute require encompassing such systems within the definition of an ATDS even if Congress did not intend to do so. As Judge Chen held in *Tehrani*, the statute is at least amenable to a reading that the "numbers" at issue in the phrase "random or sequential number generator" refer to *telephone* numbers. 2021 WL 3886043, at *3; *see also Duguid*, 141 S. Ct. at 1169 (framing the Court's task as "to resolve a conflict among the Courts of Appeals regarding whether an autodialer must have the capacity to generate random or sequential *phone numbers*" (emphasis added), and siding with circuits that construed the statute narrowly). Such a reading best comports with the congressional intent on which *Duguid* relied. And while that reading may render the statute's mention of the capacity to "store" numbers largely superfluous to the capacity to "produce" numbers, the presumption against redundancy in statutory interpretation

---

[3] Cole's brief both miscites and slightly misquotes *MacDonald*, complicating this Court's task of finding that case. *See* Pl.'s Opp'n & Cross-Mot. at 6.

6

is not absolute. *See Atl. Richfield*, 140 S. Ct. at 1350 n.5. This Court therefore holds that, under the TCPA, an ATDS must be capable of randomly or sequentially generating *telephone* numbers.

Here, Cole and his expert witness acknowledge that the dialing system that they assert Sierra Pacific used did not have the capacity to randomly or sequentially generate telephone numbers, and rely instead solely on the system's purported capacity to use randomly or sequentially generated numbers to determine the storage or dialing order of telephone numbers entered by other means. *See* Snyder Supp'l Decl. ¶¶ 14–15. Such capacity does not make the system an ATDS under this Court's interpretation of the TCPA, and there is no other evidence to suggest that Sierra Pacific used an ATDS. Cole's motion for summary adjudication that the system at issue is an ATDS is therefore DENIED. The only claim Cole has asserted relies on Sierra Pacific's alleged improper use of an ATDS. Sierra Pacific's motion for summary judgment is therefore GRANTED.

The Court does not reach the parties' remaining arguments, including as to the sufficiency of evidence that Sierra Pacific's purported agent actually used the system Cole has asserted it used.

## IV. CONCLUSION

For the reasons discussed above, Cole's motion for summary judgment is DENIED, and Sierra Pacific's motion for summary judgment is GRANTED. The Clerk shall enter judgment in favor of Sierra Pacific and close the case.

**IT IS SO ORDERED.**

Dated: December 15, 2021

JOSEPH C. SPERO
Chief Magistrate Judge